Richard J. KREWAY, Plaintiff–
Appellant

v.

COUNTRYWIDE BANK, FSB; Coun-
trywide Home Loans, Incorporated;
Bank of America, N.A.; The Bank of
New York Mellon, as Trustee for the
CHL Mortgage Pass–Through Trust
Series 2007–21; CWMBS, Incorporat-
ed; Mortgage Electronic Registration
Systems, Incorporated, Also known as
MERS, Defendants–Appellees.

No. 15–50854
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 3, 2016.

Christopher J. Deeves, Esq., San Anto-
nio, TX, for Plaintiff-Appellant.

Connie Flores Jones, Jameson Joseph
Watts, Winston & Strawn, L.L.P., Hous-
ton, TX, Phoebe Norton Coddington, Win-
ston & Strawn, L.L.P., Charlotte, NC, for
Defendants–Appellees.

Before JOLLY, DENNIS, and PRADO,
Circuit Judges.

PER CURIAM: *

Richard Kreway appeals the district
court's dismissal under Federal Rules of
Civil Procedure Rule 12(b)(6) of his civil
suit against Countrywide Bank, FSB;
Countrywide Home Loans, Inc.; The Bank

of New York Mellon as Trustee for the
CHL Mortgage Pass-through Trust Series
2007–21; CWMBS, Inc.; Bank of America,
N.A.; and Mortgage Electronic Registra-
tion Systems, Inc. (MERS), which asserted
the following causes of action: (1) violation
of the Texas Property Code; (2) lack of
standing to foreclose; (3) a suit to quiet
title; (4) a request for declaratory judg-
ment; (5) breach of contract; (6) promis-
sory estoppel; (7) violation of the Texas
Debt Collection Act; and (8) common law
recession. Kreway argues that dismissal
under Rule 12(b)(6) was inappropriate be-
cause he "pled sufficient facts to demon-
strate that it was facially plausible that the
assignments relied upon to foreclose on his
property are void as forgeries."

We review a district court's dismissal
under Rule 12(b)(6) de novo, applying the
same standards as the district court. *In
re Katrina Canal Breaches Litig.*, 495
F.3d 191, 205 (5th Cir.2007). To survive a
Rule 12(b)(6) motion to dismiss, the plain-
tiff must plead "enough facts to state a
claim to relief that is plausible on its face."
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
555, 127 S.Ct. 1955, 167 L.Ed.2d 929
(2007). "Factual allegations must be
enough to raise a right to relief above the
speculative level, on the assumption that
all the allegations in the complaint are true
(even if doubtful in fact)." *Id.* (quotation
marks, citations, and footnote omitted).
Claims alleging fraud must also comply
with the supplemental pleading require-
ments of Rule 9(b), which demand that "a
party must state with particularity the cir-
cumstances constituting fraud or mistake."
FED.R.CIV.P. 9(b). "Put simply, Rule
9(b) requires 'the who, what, when, where,
and how' [of the alleged fraud] to be laid
out." *Benchmark Electronics, Inc. v. J.M.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

In his complaint Kreway alleged, *inter alia*, that the assignment of his mortgage note and deed of trust by MERS to BAC Home Loans Servicing, LP, was void because the signature affixed to it was forged. Contrary to his assertions on appeal, Kreway did not plead sufficient facts to support his allegations of forgery. Kreway merely stated:

> Upon information and belief, and/or information reasonably expected to be discovered during this litigation, the 2011 assignment purportedly signed by [MERS Assistant Secretary] Bud Kamyabi is also void because it was signed or affixed by a person not Bud Kamyabi, and signed or affixed by a person without any authority or knowledge whatsoever from the real Bud Kamyabi.

Kreway also attached an exhibit to his pleading, which was labeled "Bud Kamyambi [sic] Signature Comparisons." However, Kreway did not plead any facts relating to who perpetrated the alleged forgery or how, when, and where the alleged forgery was executed. The allegation therefore falls short of the pleading requirements of Rule 9(b). *See id.* As a result, dismissal of all claims relying on the alleged forgery was proper. *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). Any other points of error are waived as a result of Kreway's failure to brief them.

The judgment of the district court is AFFIRMED.